IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| LOCKHEED MARTIN INVESTMENT MANAGEMENT COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> THE NORTHERN TRUST COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 8:09-cv-1649 <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' MOTION TO DISMISS
COUNTS IV AND V OF THE COMPLAINT**

Defendants The Northern Trust Company and Northern Trust Investments, N.A. (collectively, "Northern Trust"), through their undersigned counsel, hereby move to dismiss Counts IV and V of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, as set forth more fully in the accompanying memorandum that Northern Trust has filed today and which is incorporated herein.

Plaintiff Lockheed Martin Investment Management Company is the fiduciary of certain Lockheed Martin Corporation employee defined contribution plans covered by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 *et. seq.* In this ERISA action arising from Northern Trust's management of a securities lending program utilized by a Northern Trust investment fund, Plaintiff alleges breach of fiduciary duty claims under ERISA § 502(a) in Counts I and II of its Complaint, then attempts to repackage the exact same allegations and same claims as "common law" breach of contract claims in Counts IV and V of the Complaint.

ERISA's civil enforcement remedies provide the exclusive remedies a plaintiff may pursue for matters related to an ERISA plan, with other state and federal claims related to ERISA plans being expressly preempted. There is a broad consensus among federal courts that common law breach of contract remedies for damages to challenge the management of an ERISA plan's funds are preempted or otherwise barred by the exclusivity of ERISA's remedies. Thus, this Court should dismiss Counts IV and V pursuant to Federal Rule of Civil Procedure 12(b)(6).

**WHEREFORE**, for the reasons stated herein, and set forth more fully in the accompanying memorandum, Northern Trust respectfully asks this Court to dismiss Counts IV and V of Plaintiff's Complaint.

Dated:  August 3, 2009

Respectfully submitted,

**The Northern Trust Company and Northern Trust Investments, N.A.**

By:  /s/ Bruce R. Braun_____
One of its attorneys

Bruce R. Braun (*pro hac vice* # 93471)
Scott H. Gingold (*pro hac vice* # 93470)
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600
Fax (312) 558-5700
bbraun@winston.com
sgingold@winston.com

Charles B. Klein, # 14504
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5000
Fax (202) 282-5100
cklein@winston.com

Attorneys for Defendants The Northern Trust Company and Northern Trust Investments, N.A.

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the foregoing Defendants' Motion to Dismiss Counts IV and V of the Complaint were served on this 3rd day of August, 2009, on David J. Hensler, Lisa R. Bonanno, and Michele Walls Sartori, counsel of record for Plaintiff LMIMCo, by the Court's Electronic Filing System.

                                                          /s/ Bruce R. Braun
                                                          Bruce R. Braun

CHI:2289193.3