## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

———————————————————————

|  |  |  |
|---|---|---|
| LOCKHEED MARTIN INVESTMENT MANAGEMENT COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 8:09-cv-1649 |
| THE NORTHERN TRUST COMPANY, | ) ) | |
| Defendant. | ) ) | |

———————————————————————

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
## MOTION TO DISMISS COUNTS IV AND V OF THE COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), The Northern Trust Company ("NTC") and Northern Trust Investments, N.A. ("NTI", and collectively with NTC, "Northern Trust") submit this memorandum in support of their Motion to Dismiss Counts IV and V of the Complaint.

### INTRODUCTION

Plaintiff Lockheed Martin Investment Management Company ("Plaintiff" or "LMIMCo") is the fiduciary of certain Lockheed Martin Corporation employee defined contribution plans covered by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 *et. seq.* In this ERISA action arising from Northern Trust's management of a securities lending program utilized by a Northern Trust investment fund, Plaintiff alleges claims under ERISA § 502(a) in Counts I and II of its Complaint, then attempts to repackage the same allegations and same claims as "common law" breach of contract claims in Counts IV and V of the Complaint. However, ERISA's civil enforcement

remedies provide the exclusive remedies a plaintiff may pursue for matters related to an ERISA plan, with other state and federal claims related to ERISA plans being expressly preempted.

Here, ERISA preempts Counts IV and V because they are based on precisely the same allegations that form the basis for LMIMCo's statutory ERISA § 502(a) claims, and they advance no factual allegations unrelated to the ERISA plan.  Neither the Fourth Circuit nor any other federal court (appellate or otherwise) recognizes a common law breach of contract remedy for damages to challenge the management of an ERISA plan's funds.  To the contrary, there is a broad consensus among federal courts that such claims—whether characterized as state or federal common law claims—are preempted or otherwise barred by the exclusivity of ERISA's remedies.  Thus, this Court should dismiss Counts IV and V pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

## BACKGROUND

As it must do on a Rule 12(b)(6) motion, Northern Trust accepts the following facts as true for purposes of this Motion only.  *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  Northern Trust does not waive its right to contest any of the allegations or conclusions in the Complaint.

### Plaintiff's Fact Allegations

Plaintiff LMIMCo is a fiduciary of the Lockheed Martin Corporation Defined Contribution Plans Master Trust, which holds the assets of participating Lockheed ERISA plans (the "Lockheed Plans"). (Compl. ¶¶ 9-10, Intro.).  In January 2003, NTI became an investment manager for the Lockheed Plans. NTC is the securities lending agent for NTI.   (Compl. ¶2).  By acting under its agreements with LMIMCo, Northern Trust allegedly became an ERISA fiduciary by virtue of its discretionary control or authority over the management, administration or assets of the Lockheed Plans.  (*See* Compl. ¶ 4).

---

[1]  While Plaintiff's remaining ERISA claims (Counts I, II and III) are equally without merit, dismissal would require a review of facts beyond the four corners of the Complaint, and accordingly those claims are not addressed here.

The Lockheed Plans offered its participants several investment options through Northern Trust, "including the NTGI-QM Collective Daily Aggregate Bond Index Fund-Lending (the 'Bond Fund')." (Compl. ¶ 12).   LMIMCo and NTC "executed a contract entitled Notice and Consent Regarding Securities Lending Arrangements (the 'Notice and Consent')," related to the investment of Lockheed Plan assets in the Bond Fund, which engaged in securities lending.  (Compl. ¶¶ 15-16).

As part of its securities lending activities, the Bond Fund lends certain securities held in its portfolio to borrowers in exchange for collateral.  Northern Trust invests the cash collateral in different collateral "pools" or "sections," including (1) the Core USA Collateral Section, and (2) a custom pool comprised of investments in two Northern Trust collective funds—the NTGI Collective Short Term Extendable Portfolio ("STEP") and the NTGI Collective Short Term Investment Fund ("STIF").   (*See* Compl. ¶ 20).  Plaintiff asserts that Northern Trust's investment in the STEP/STIF pool was a violation of the "Collateral Schedule" investment guidelines attached to the Notice and Consent (Compl. ¶ 21; *see also id.* ¶¶ 22-27), and that Northern Trust thereby "breached its fiduciary duties to the Plans and breached its contractual obligations to LMIMCo in violation of documents governing the Plans." (Compl. ¶ 28; *see also id.* ¶¶ 31-33).

LMIMCo alleges that it informed Northern Trust in late Spring 2008 that it needed an investment vehicle to temporarily hold around $240 million designated for LMIMCo's newly-established "Target Date Funds" (Compl. ¶¶ 34-35), and that Northern Trust "represented" to LMIMCo that the Bond Fund was highly liquid and thus the Target Date Funds could be withdrawn "on short notice."  (Compl. ¶ 36). On August 29, 2008, LMIMCo requested that the Target Date Funds proceeds be wired to another bank on October 1, 2008.  (Compl. ¶ 38).

Starting in mid-September 2008, however, a series of unprecedented events began that rattled the world financial system and caused the credit market to collapse, beginning with Lehman Brothers' declaration of bankruptcy.  Plaintiff alleges that on September 19, 2008, Northern Trust declared that certain securities held in its funds, including Lehman Brothers securities, were permanently impaired. (*See* Compl. ¶¶ 39-40).  Northern Trust also allegedly advised LMIMCo that it would no longer be able to honor the August 29 instruction to wire the Target Date Fund proceeds to the other bank (Compl. ¶¶ 38-40), and "refused to redeem the full value of the Plans' assets in the Bond Fund" because of the impaired investments.  (Compl. ¶ 43).

### Plaintiff's Common Law Breach of Contract Allegations

Plaintiff brought this action against Northern Trust invoking this Court's jurisdiction under ERISA.  (Compl. ¶ 5, Intro.).  Plaintiff asserts that Northern Trust was "at all times pertinent hereto" a fiduciary of the Lockheed ERISA Plans.  (Compl. ¶ 48).  It asserts five counts:

Count I is a claim for breach of fiduciary duty brought under ERISA § 502(a) by LMIMCo, as a fiduciary of the Lockheed Plans.  (Compl. ¶¶ 54-55).  Plaintiff incorporates all factual allegations (i.e., in Paragraphs 1-46), and asserts that Northern Trust breached its fiduciary duties to the Lockheed Plans by failing "to comply with the documents and instruments governing the Plans," *inter alia*, by: "(a) investing cash collateral in the STEP Fund, which was not a 'short term instrument' *as required by the Notice and Consent*….; (b) *breaching* the liquidity requirements set forth in *the Collateral Schedule*; (c) *breaching* the maturity requirements set forth in *the Collateral Schedule*; (d) *breaching* the credit quality requirements set forth in *the Collateral Schedule*; [and] (e) *breaching* the diversification requirements set forth in *the Collateral Schedule*."  (Compl. ¶¶ 47, 50-51) (emphasis added).

Count II also alleges a breach of fiduciary duty claim under ERISA § 502(a) by LMIMCo in its fiduciary capacity.  (Compl. ¶¶ 60-61).  Plaintiff again incorporates all of its prior allegations (i.e., in Paragraphs 1-55), and asserts that Northern Trust breached additional fiduciary duties by misrepresenting "that the Bond Fund was highly liquid and that LMIMCo would be able to withdraw the full amount of the Target Date Funds invested in the Bond Fund on short notice" and by "refusing to honor" the August 29, 2008 instruction to redeem the Target Date Fund assets on October 1, 2008. (Compl. ¶¶ 56-57).

Count III is an ERISA count alleging that certain of Northern Trust's securities lending actions and receipt of management fees constitute a transaction prohibited by ERISA § 406(b), and which do not qualify for an exemption under Prohibited Transaction Class Exemption 2006-16.  (Compl. ¶¶ 63-69).  LMIMCo claims that the Lockheed Plans suffered losses for which Northern Trust is liable under ERISA § 409 (Compl. ¶ 70), and thus implicitly brings its claim under ERISA § 502(a).

Count IV is expressly pled in the alternative as a breach of contract claim, and is purportedly brought "under the federal common law of contract."  (Compl. ¶ 73).  Essentially, it mirrors Count I, incorporating all prior factual allegations (i.e., in Paragraphs 1-71), and asserts that Northern Trust breached its contractual obligations under the parties' agreements by:  "(a) investing cash collateral in the STEP Fund, which was not a 'short term instrument' as required by the Notice and Consent; (b) breaching the liquidity requirements set forth in the Collateral Schedule of the Notice and Consent; (c) breaching the maturity requirements set forth in the Collateral Schedule of the Notice and Consent; (d) breaching the credit quality requirements set forth in the Collateral Schedule of the Notice and Consent; [and] (e) breaching the diversification requirements set forth in the Collateral Schedule of the Notice and Consent."  (Compl. ¶¶ 72, 74).

Similarly, Count V is styled as a breach of contract claim. Mirroring Count II, Plaintiff incorporates all prior allegations (i.e., in Paragraphs 1-75), and asserts that Northern Trust breached its agreement with LMIMCo by allowing the Target Date Funds to remain invested in a fund "that was not liquid and could not be transferred on short notice" and by "refusing to honor" the August 29, 2008 instruction to redeem the Target Date Fund assets on October 1, 2008. (Compl. ¶¶ 76-77).

## ARGUMENT

LMIMCo's allegations against Northern Trust clearly relate to an ERISA plan and Northern Trust's putative obligations as an alleged ERISA fiduciary. When a plaintiff's claim relates to an ERISA plan, the civil enforcement remedies specifically enumerated in ERISA § 502(a) are exclusive. Counts IV and V purport to assert common law breach of contract causes of action, but are based on and mirror precisely the same allegations that support the ERISA § 502(a) breach of fiduciary duty claims asserted in Counts I and II. In fact, LMIMCo's only other claim, Count III, alleges that the same conduct constitutes a transaction prohibited by ERISA, further demonstrating the ERISA nature of this action. Accordingly, Counts IV and V are duplicative of and wholly overlap with the ERISA § 502(a) claims, and thus are preempted by ERISA. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004).

Nor can LMIMCo evade preemption through artfully pleading its claims as arising under "federal common law." (Compl. ¶¶ 73, 77). There can be no federal common law cause of action where, as here, ERISA already provides the plaintiff with an avenue of relief. For that very reason, courts across the country have held that ERISA preempts a wide variety of federal common law causes of action, including for breach of contract. In fact, preemption of the federal common law claims in Counts IV and V is particularly appropriate here because LMIMCo has alleged the same claims as ERISA statutory claims under § 502(a).

The Court should dismiss Counts IV and V of the Complaint.

## I.     Governing Legal Standard

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint.  *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).  "[A] complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or if it alleges insufficient facts under a cognizable legal theory."  *Turner v. Kight*, 192 F. Supp. 2d 391, 398 (D. Md. 2002); *see also Howell v. State Farm Ins. Cos.*, 448 F. Supp. 2d 676, 678 (D. Md. 2006) (ruling that dismissal is appropriate if "the legal theory articulated, or even suggested, by the non-moving party . . . could not be the basis for a ruling in that party's favor," and dismissing claims pleaded under a non-existent federal common law cause of action).

In the Fourth Circuit and elsewhere, courts routinely dismiss as legally insufficient common law claims that are preempted by ERISA or barred by the exclusivity of its enforcement provisions.  *See e.g.*, *Rego v. Westvaco Corp.*, 319 F.3d 140, 148-49 (4th Cir. 2003) (affirming the dismissal of "federal common law" claims in light of the availability of an enforcement remedy under ERISA Section 502); *Cogan v. Phoenix Life Ins. Co.*, 310 F.3d 238, 242-43 (1st Cir. 2002) (affirming the dismissal of "federal common law" breach of contract claim because no such claim exists independent of ERISA); *Bd. of Trs. for Hampton Roads Shipping Ass'n-Int'l Longshoremen's Ass'n v. Stokley*, 618 F. Supp. 2d 546, 552-53 (E.D. Va. 2009) (dismissing breach of contract claim as preempted by ERISA); *Puller v. Unisource Worldwide, Inc.*, No. 3:08-CV-81, 2009 WL 331291, at *3-5 (E.D. Va. Feb. 9, 2009) (same); *Kress v. Food Employers Labor Relations Ass'n*, 217 F. Supp. 2d 682, 686-87 (D. Md. 2002) (same).

**II.    Plaintiff's Common Law Breach Of Contract Claims Are Preempted By ERISA.**

     **A.    ERISA Preempts All Common Law Breach of Contract Claims.**

Each of Plaintiff's common law breach of contract claims is preempted by ERISA, and must be dismissed.   ERISA § 514(a), 29 U.S.C. § 1144(a), expressly supersedes and preempts any "State laws . . . [that] relate to any employee benefit plan described in section 1003(a) of this title . . . ."   29 U.S.C. § 1144(a); *see also id.* § 1144(c)(1) ("State laws" are not merely statutes but "all laws, decisions, rules, regulations, or other State action having the effect of law . . . .").   The Supreme Court has given the phrase "relate to" a "broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'"   *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47 (1987) (quoting *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985)); *see also Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 194 (4th Cir. 2002) ("A state law relates to an ERISA plan if, among other things, it provides an alternative enforcement mechanism to ERISA's civil enforcement provision, § 502," which gives among other things "the right to sue . . . to enforce rights or fiduciary requirements under ERISA or the plan.").

Indeed, ERISA § 502(a), 29 U.S.C. § 1132(a), sets forth an exclusive civil enforcement mechanism for complaints arising out of ERISA-governed plans.   *Pilot Life*, 481 U.S. at 54 ("The deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive.").   Accordingly, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."   *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004).

Section 514(a)'s preemption provision, combined with the exclusivity of Section 502's enforcement provisions, has made it "well-established that state law actions, for example, to enforce the contractual terms of an ERISA plan, are preempted by the federal statutory scheme." *Provident Life & Accident Ins. Co. v. Cohen*, 423 F.3d 413, 424 (4th Cir. 2005); *accord Stokley*, 618 F. Supp. 2d at 552-53 (dismissing breach of contract claim as preempted by ERISA); *Puller*, 2009 WL 331291, at *3-5 (same); *Kress*, 217 F. Supp. 2d at 686-87 (same). *See also Wilson Land Corp. v. Smith Barney Inc.*, No. 5:97-CV-519, 1999 WL 1939270, at *13 (E.D.N.C. May 17, 1999) ("The undersigned recognizes the right of a plaintiff to plead in the alternative but does not believe that Plaintiffs can use this device to circumvent ERISA preemption.").

Here, Plaintiff's Counts IV and V assert exactly the type of common law breach of contract claims that must be dismissed as preempted. Count IV is plainly an "alternative enforcement" claim based on exactly the same allegations underlying the ERISA § 502(a) claim in Count I. *Cf. Darcangelo*, 292 F.3d at 194. Count IV incorporates by reference all of the previously pled factual allegations (Compl. ¶ 72), and contains just three additional paragraphs of its own. In the first, Plaintiff makes clear that the claim is pled "[a]lternatively" to the preceding counts—i.e., as a different legal theory for relief based on these same facts. (Compl. ¶ 73). As for the second, as detailed above, the alleged common law contract breaches asserted in Paragraph 74's (a) through (e) are merely a rephrasing of the items (a) through (e) asserted as ERISA fiduciary duty violations in Paragraph 51 of Count I. *Compare* Compl. ¶ 74 *with id.* ¶ 51.[2] In both Counts I and IV, these items all focus on the alleged ways in which Northern Trust supposedly breached the terms of agreements between the parties. Thus, by Plaintiff's own

---

[2] The third paragraph new to Count IV simply asserts generally that LMIMCO seeks monetary damages. (Compl. ¶ 75).

allegations, these alleged contract breaches can be remedied under the provisions of ERISA § 502(a) (*cf.* Compl. ¶ 54), and Count IV is therefore duplicative and preempted. *Davila*, 542 U.S. at 209.

Count V similarly is an alternative common law theory for recovery based on the same alleged ERISA violations asserted in Count II. Count V again incorporates by reference all of the previously pled factual allegations (Compl. ¶ 76), and contains just two additional paragraphs of its own. As detailed above, the alleged common law contract breaches in Paragraph 77's (a) and (b) are clearly modeled on (and quote verbatim from) the alleged breaches of ERISA fiduciary duties alleged in Count II's Paragraph 57 (a) and (b). *Compare* Compl. ¶ 77 *with id.* ¶ 57.[3] Both sets of allegations—in Counts II and V—focus on the contentions that Northern Trust invested the Target Date Funds in insufficiently liquid funds that it could not withdraw on "short notice," and did not withdraw when instructed to do so. Again, since these alleged breaches can be remedied under the provisions of ERISA § 502(a) (*cf.* Compl. ¶ 60), Count V is duplicative and preempted. *Davila*, 542 U.S. at 209.

In *Wilmington Shipping Co. v. New England Life Ins. Co.*, 496 F.3d 326 (4th Cir. 2007), the Fourth Circuit affirmed the dismissal of similar common law claims as preempted by ERISA. There, plan participants brought both breach of fiduciary duty claims under ERISA § 502(a)(2) and state law claims—including for breach of contract—against a party the plaintiffs claimed was a fiduciary of an ERISA plan. The state law claims "incorporate[d] the allegations from [the] ERISA claim" and set forth further allegations that merely "restate[d] the general allegations underlying [the] ERISA claim." *Id.* at 342. The Fourth Circuit held that the state law claims were pre-empted by ERISA because they "merely repackage [the] ERISA claim." *Id.* at 344. The court further held that preemption would bar the claims even if the defendant were found not to be a fiduciary of the plan. *Id.* at 342-43.

---

[3] The second paragraph new to Count V simply asserts generally that LMIMCO seeks monetary damages. (Compl. ¶ 78).

On the issue of preemption, there is no meaningful distinction between this case and *Wilmington Shipping*, and that case commands the dismissal of Counts IV and V as preempted.  Indeed, the Fourth Circuit in *Wilmington Shipping* easily could have been speaking about this case when it held that the state law claims were preempted by ERISA because they "rest on the very same allegations that support [the] ERISA claim and focus on [the putative fiduciary's] alleged mismanagement and imprudent investment of Plan funds."  *Id.* at 343.  *See also Meyer v. Berkshire Life Ins. Co.*, 128 F. Supp. 2d 831, 835 (D. Md. 2001) (common law claims against ERISA fiduciary were preempted because "[a]t heart, the Doctors allege mismanagement of their pension fund.  Such claims fall directly under the purview of ERISA's preemption provision.").

LMIMCo's entire Complaint is premised on the existence of Northern Trust's alleged fiduciary duties to the Lockheed Plans as the contractual investment manager of ERISA plan funds.  As discussed above, Counts IV and V rest on the very same allegations that form the basis for Plaintiff's breach of fiduciary duty claims under Section 502(a) of ERISA.  Counts IV and V do not advance any specific factual allegations of their own.   Plaintiff has "merely repackage[d] [the] ERISA claim[s]" as duplicative common law breach of contract claims.  *Wilmington Shipping*, 496 F.3d at 344; *cf. Davila*, 542 U.S. at 209.   Accordingly, the common law claims asserted in Counts IV and V are wholly overlapping retreads of subject matter that is only properly addressed through ERISA's civil enforcement remedies—as asserted by Plaintiff in Counts I and II—and should be dismissed as preempted by ERISA.

## B.     There Can Be No Federal Common Law Breach of Contract Action Where, As Here, ERISA Already Provides The Plaintiff With An Avenue Of Relief.

LMIMCo transparently (and unsuccessfully) attempts to avoid preemption by pleading its breach of contract claims under "the federal common law of contract."   (Compl. ¶ 73; *see also id.* ¶ 77).

However, Plaintiff cannot escape ERISA's preemption of breach of contract claims merely by artfully pleading them as arising under the "federal common law" instead of state common law.  Claims related to ERISA plans must proceed under ERISA's civil enforcement provisions or not at all.

As the Supreme Court has held, "[t]he authority of courts to develop a 'federal common law' under ERISA is not the authority to revise the text of the statute." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 259 (1993) (citation omitted) (holding that ERISA § 502(a)(3)'s "equitable relief" provisions did not provide a cause of action for money damages against a non-fiduciary who had allegedly participated in a fiduciary's breach of duty).  It is true that ERISA's provisions involve an "expectation[] that a federal common law of rights and obligations under ERISA-related plans would develop . . . ." *Pilot Life Ins.*, 481 U.S. at 56.  But while courts are permitted to turn to principles of federal common law in *interpreting* ERISA plans, *Denzler v. Questech, Inc.*, 80 F.3d 97, 101 (4th Cir. 1996), courts are prohibited from creating federal common law causes of action to augment ERISA's statutory remedies. *See Cohen*, 423 F.3d at 425 ("although the Supreme Court has approved of the development of a federal common law under ERISA, the Court has carefully admonished that, in so doing, courts may not create remedies under the federal common law beyond those Congress has seen fit to enact." (citation omitted)); *Cogan v. Phoenix Life Ins. Co.*, 310 F.3d 238, 242-243 (1st. Cir. 2002) (reasoning that even though case law provides that "contract interpretation is to be applied within the context of ERISA," that case law "does not provide for a separate common law contract claim").

There is a broad consensus among the federal courts of appeal that there can be no freestanding breach of contract cause of action under federal common law where the subject matter of that claim relates to an ERISA plan—plaintiffs must instead rely on the exclusive statutory remedies.  *See, e.g.*, *Chastain v. AT & T*, 558 F.3d 1177, 1180 n.3 (10th Cir. 2009) (noting that case law "did not provide a

separate action for breach of contract within ERISA, and no such claim exists."); *Cogan v. Phoenix Life Ins. Co.*, 310 F.3d 238, 242-43 (1st. Cir. 2002) ("[P]laintiffs argue that the district court erred in dismissing Count II of their complaint, which purports to set forth a breach of contract claim under federal common law, apparently apart from ERISA.  We are unaware of any such independent cause of action. . . .  [A] separate cause of action for breach of contract cannot lie."); *Trustmark Life Ins. Co. v. Univ. of Chicago Hosps.*, 207 F.3d 876, 881 (7th Cir. 2000) ("This circuit refused to recognize a breach of contract claim in an ERISA setting.") (citing *Buckley Dement, Inc. v. Travelers Plan Adm'r of Ill., Inc.*, 39 F.3d 784, 789-90 (7th Cir. 1994) (refusing to recognize federal common law theories including breach of contract against a non-fiduciary)); *Lindenmeier v. Siemens Power Corp.*, No. 94-3553, 1995 WL 623756, at *3 (9th Cir. Oct. 24, 1995) (breach of contract claim "asserted as a federal claim rather than a state law claim" was properly dismissed because "[t]his court 'has expressly refused to create federal common law causes of action under ERISA'" and "'[t]he federal common law that the Court envisioned relates to rights and obligations under the ERISA plan and not to causes of action . . . .'" (quoting *Pacificare Inc. v. Martin*, 34 F.3d 834, 836 (9th Cir. 1994))); *Tassinare v. Am. Nat'l Ins. Co.*, 32 F.3d 220, 225 (6th Cir. 1994) (rejecting "federal common law" breach of contract claim, reasoning that in ERISA "Congress expressly provided a cause of action for fiduciary breaches—a cause of action which, if promptly litigated, would provide the agents with meaningful redress for any injuries they have suffered.").  *See also Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimb. Plan*, 388 F.3d 393, 399 (3d Cir. 2004) (reasoning while deciding an issue of federal removal jurisdiction that "the federal common law of ERISA does not provide an element—essential or otherwise—of" a "state law claim for breach of contract").[4]

---

[4]  Unsurprisingly, district courts have reached the same conclusion.  *See e.g., Battoni v. IBEW Local 102 Employee Pension*

The Fourth Circuit has not yet had occasion specifically to address the availability of a federal common law breach of contract claim in ERISA cases.  But in two decisions in which it found that ERISA preempts federal common law claims for unjust enrichment, misrepresentation and breach of fiduciary duty, it has left little doubt that it would follow the unbroken line of cases addressing the issue, and find federal common law breach of contract claims preempted.  *See Provident Life & Accident Ins. Co. v. Cohen*, 423 F.3d 413, 425 (4th Cir. 2005) (declining to recognize federal common law cause of action for unjust enrichment for recovery of benefits from a beneficiary who had obtained them improperly and explaining, "Because ERISA affords Provident an avenue of relief [as a plan fiduciary under § 502(a)], this court cannot fashion some additional cause of action or avenue of relief under the federal common law.  To do so would circumvent the comprehensive and exclusive remedial scheme Congress enacted for resolving benefit plan disputes governed by ERISA.");[5] *Rego v. Westvaco Corp.*, 319 F.3d 140, 148-49 (4th Cir. 2003) (affirming the dismissal under Rule 12(b)(6) of federal common law claims for misrepresentation and breach of fiduciary duty because "The instant case presents no gap in ERISA that requires an interstitial fix.  Essentially, Rego is attempting to recover damages for a

---

*Plan*, 569 F. Supp. 2d 480, 495 (D.N.J. 2008) ("[A]ny federal common law contract claim raised by Plaintiffs is pre-empted by ERISA."); *Oplchenski v. Parfums Givenchy, Inc.*, No. 05 C 6105, 2007 WL 1933149, at *3 (N.D. Ill. June 27, 2007) ("[C]laims for breach of contract are preempted by ERISA and should be dismissed when they relate to or have a connection with a plan governed by ERISA. . . .  [A] federal common-law breach of contract claim is not recognized."); *Babcock ex rel. Computer Mgmt. Scis. Inc., Employee Stock Ownership Plan & Trust v. Computer Assocs. Int'l, Inc.*, 186 F. Supp. 2d 253, 258-59 (E.D.N.Y. 2002) ("This Court declines to allow the plaintiff to proceed with his preempted claim for breach of contract under the shield of federal common law."); *Costley v. Thibodeau, Johnson & Feriancek, PLLP*, 189 F. Supp. 2d 938, 944-45 (D. Minn. 2001) ("Here, in Counts I and II of his Complaint, Costley has employed the civil enforcement remedies of ERISA to enforce his rights . . . and, therefore, his breach of contract claims, whether under State or Federal common law, are preempted."); *Ludwig v. NYNEX Serv. Co.*, 838 F. Supp. 769, 793 (S.D.N.Y. 1993) ("[T]he Court's examination of the carefully crafted civil enforcement provisions of ERISA § 502 warrants the conclusion that Congress did not intend to allow claimants to pursue breach-of-contract claims through the backdoor of federal common law.").

[5] *Cohen* called into "serious doubt" *Provident Life & Accident Ins. Co. v. Waller*, 906 F.2d 985 (4th Cir. 1990), in which the court recognized under the facts of that case a federal common law cause of action for unjust enrichment.  423 F.3d at 423 ("[T]he justification for the court's recognition of a federal common law unjust enrichment claim in *Waller* is in serious doubt, as it is no longer debatable that Provident has an 'explicit remedy' under [ERISA § 502(a)]."). In light of *Cohen*, *Rego¸ Darcangelo* and the many cases from other courts contradicting *Waller,* it is clear that *Waller* no longer remains good law.

denial of benefits and a breach of fiduciary duty, two actions for which ERISA [§ 502(a)] already creates remedies.  Congress clearly contemplated plaintiffs like Rego and explicitly created remedies for them within the text of the statute itself.  We may not disregard Congress' decision to limit the scope of those remedies.") (internal citations omitted).

Under the reasoning of *Cohen* and *Rego*, the availability of federal common law turns on whether the claim already falls within an avenue of relief that Congress has provided under § 502(a), and whether recognizing a federal common law claim would be consistent with the limitations in Section 502(a).  Just as with the claim for unjust enrichment in *Cohen* and the claims for misappropriation and breach of fiduciary duty in *Rego*, there is no basis to find a federal common law claim for breach of contract here.  LMIMCo's contract claims clearly fall within the avenues of relief Congress provided under § 502(a), because LMIMCo asserts that the same Northern Trust conduct is actionable as breaches of fiduciary duty under ERISA § 502(a).  (Compl. ¶¶ 54, 60).  In fact, there are no allegations in the Complaint suggesting that ERISA § 502(a) does not provide LMIMCo with a complete avenue of relief.  Thus, just as in *Cohen*, it would be an inappropriate circumvention of the comprehensive and exclusive ERISA remedial scheme for the Court here to fashion some additional cause of action or avenue of relief under the federal common law.  *Cf. Cohen*, 423 F.3d at 425.

Preemption of the federal common law breach of contract claims in the Complaint is not only consistent with *Cohen* and *Rego*, it is also consistent with the Fourth Circuit's reasoning in the ERISA removal context.  The Fourth Circuit has held that any state breach of contract claim that is completely preempted as related to an ERISA plan must be treated on removal to federal court as a statutory claim brought under ERISA § 502.  *See Darcangelo v. Verizon Communic'ns, Inc.*, 292 F.3d 181, 195 (4th Cir. 2002) (holding that any claim that is completely preempted and removed to federal court should be

"treat[ed] . . . as a federal claim under [ERISA] § 502.  What was a state claim for breach of contract becomes a federal claim for the enforcement of contractual rights under § 502(a)(1)(B).").

*Darcangelo*'s holding that a removed preempted state common law breach of contract claim must be treated as a statutory claim arising under ERISA is incompatible with the notion that a plaintiff may avoid ERISA's preemption of a breach of contract claim simply by artfully pleading the claim as one for "federal common law of contract."  Were there such a thing as a "federal common law" breach of contract claim under ERISA, there would be no reason for a preempted state law breach of contract claim to become a *statutory* claim upon removal; instead, surely, it would simply become a "federal common law breach of contract claim."  It is therefore clear from *Cohen* and *Rego*, and implicit from *Darcangelo*, that the Fourth Circuit would not recognize a "federal common law" breach of contract claim in cases where ERISA provides a plaintiff with an avenue of relief.

All of Plaintiff's allegations are premised on Northern Trust's alleged breach of its various alleged duties as a fiduciary under ERISA, and LMIMCo itself claims that ERISA §§ 502(a)(2) and 502(a)(3) provide it with avenues of relief to address Northern Trust's conduct at issue (*cf.* Compl. Count I at ¶ 54, Count II at ¶ 60).  Yet Plaintiff impliedly asks this court to fashion a federal common law cause of action for breach of contract to address exactly the same conduct, attempting to augment the exclusive remedies available under ERISA.  *Cohen* and *Rego* forbid this practice, and with the overwhelming rejection of putative "federal common law" breach of contract claims in ERISA cases, command dismissal here.

## CONCLUSION

For the foregoing reasons, Northern Trust moves this Court to dismiss Counts IV and V under Rule 12(b)(6) for failure to state a claim.

Dated:  August 3, 2009                          Respectfully submitted,

**The Northern Trust Company and Northern Trust Investments, N.A.**

By:     /s/ Bruce R. Braun_____
        One of its attorneys

        Bruce R. Braun (*pro hac vice* # 93471)
        Scott H. Gingold (*pro hac vice* # 93470)
        Winston & Strawn LLP
        35 West Wacker Drive
        Chicago, IL 60601-9703
        (312) 558-5600
        Fax (312) 558-5700
        bbraun@winston.com
        sgingold@winston.com

        Charles B. Klein, # 14504
        Winston & Strawn LLP
        1700 K Street, N.W.
        Washington, D.C. 20006-3817
        (202) 282-5000
        Fax (202) 282-5100
        cklein@winston.com

        Attorneys for Defendants The Northern Trust Company and Northern Trust Investments, N.A.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing Memorandum of Law in Support of Defendants' Motion to Dismiss Counts IV and V of the Complaint were served on this 3rd day of August, 2009, on David J. Hensler, Lisa R. Bonanno, and Michele Walls Sartori, counsel of record for Plaintiff LMIMCo, by the Court's Electronic Filing System.

/s/ Bruce R. Braun
Bruce R. Braun