IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| LOCKHEED MARTIN INVESTMENT MANAGEMENT COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>THE NORTHERN TRUST COMPANY AND NORTHERN TRUST INVESTMENTS, N.A.,<br><br>Defendants. | No. 8:09-cv-01649-PJM |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
PARTIAL MOTION TO DISMISS COUNTS IV AND V OF THE COMPLAINT**

Plaintiff Lockheed Martin Investment Management Company ("LMIMCo") submits this memorandum of law in opposition to Defendants' Motion to Dismiss Counts IV and V of the Complaint and respectfully requests that the Court deny the Motion with prejudice. In the alternative, at a minimum, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss Counts IV and V without prejudice until Defendants' status as ERISA fiduciaries and the applicability of ERISA to Plaintiff's claims have been determined, for the reasons stated herein.

**INTRODUCTION**

Plaintiff brings this action on behalf of the participants and beneficiaries of the defined contribution plans (the "Plans") in the Lockheed Martin Corporation Defined Contribution Plans Master Trust (the "Master Savings Trust") to recover losses suffered as a result of Defendants' wrongdoing. To redress Defendants' breaches of fiduciary duty and breaches of contract, Plaintiff asserted three causes of action under the Employee Retirement Income Security Act of

1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*  Plaintiff has also asserted two counts under the federal common law of contracts, which were pled in the alternative only to the extent that Plaintiff's ERISA claims may not provide full relief to the Plans' participants and beneficiaries.  Defendants move to dismiss only these two alternative counts.  Their Motion should be denied for at least three reasons.

First, Defendants' reliance on ERISA's state law preemption doctrine to determine the validity of *federal* common law claims is misplaced and unsupported by Fourth Circuit authority.  Second, Defendants concede that the Fourth Circuit has not yet addressed the validity of federal common law breach of contract claims and Defendants' "prediction" of what the Fourth Circuit's holding might be is unfounded.  Third, federal common law claims are appropriate where, as here, Plaintiff has asserted them in the alternative only to the extent that ERISA may not provide full relief for the participants and beneficiaries of the Plans.

Plaintiff asserted its federal common law claims solely to protect participants' interests in the event that Defendants sought to assert that there was some "gap" in ERISA coverage as to Defendants' misconduct.  That "gap" could occur in two ways.  First, Defendants could contend that they were not acting as fiduciaries even though Northern Trust is expressly named as such in certain contract documents.  Second, Defendants could assert that the documents upon which Plaintiff's claims are based are not "Plan documents" within the meaning of ERISA.  To obviate those possibilities, Plaintiff offered to dismiss the federal common law claims that it had pled in the alternative if Defendants would stipulate (a) that Defendants were fiduciaries as defined by ERISA with respect to the Plans as to their conduct; and (b) that the documents on which the Complaint is based are Plan documents as that term is defined in ERISA.  Defendants' rejection

of that proposal without any explanation suggests that Northern Trust, in fact, does intend to assert that some "gap" exists.

If so, it is disingenuous – and wrong – for Defendants to assert that Plaintiff's federal common law claims should be dismissed at this time. The Court will note that in their motion papers, Defendants spoke only in terms of what Plaintiff alleged and carefully avoided admitting whether these allegations were correct. In addition, although Defendants moved to dismiss only two of Plaintiff's counts, they failed to answer Plaintiff's three ERISA counts. As a result, because the applicability of ERISA to Plaintiff's claims has not yet been determined, the need for Plaintiff's alternative federal common law claims plainly still exists.

Accordingly, this Court should deny Defendants' Motion to Dismiss Counts IV and V with prejudice, or, at a minimum, should deny Defendants' Motion without prejudice until the applicability of ERISA to Defendants' conduct has been determined.

## BACKGROUND

### I.   Factual Background

Plaintiff brings this action in its capacity as a fiduciary of the Master Savings Trust on behalf of the employees of Lockheed Martin Corporation who participate in the Plans. As a result of Defendants' breaches of their fiduciary and contractual duties in connection with their securities lending activities, the Plans suffered losses in excess of $20 million. Intro. to Compl.

Defendant Northern Trust Investments, N.A. ("NTI") is an investment manager for the Plans; Defendant The Northern Trust Company ("NTC," collectively, "Northern Trust") is the securities lending agent for NTI. Compl. ¶¶ 2-3. To offset fees applicable to the Plans, Plaintiff engaged in a securities lending program with Defendants through the NTGI-QM Collective Daily Aggregate Bond Index Fund-Lending (the "Bond Fund"), one of participants' investment options in the Plans. Id. ¶ 12, 15. Pursuant to an agreement with Plaintiff, Northern Trust lent

certain securities held in the Bond Fund's portfolio to borrowers in exchange for cash collateral. Id. ¶ 15.

Defendants' investment of cash collateral was strictly limited to clear and specific investment guidelines set forth in a contract between Plaintiff and Northern Trust entitled Notice and Consent Regarding Securities Lending Arrangements (the "Notice and Consent agreement"). Northern Trust breached those guidelines by investing cash collateral in a fund called the NTGI Collective Short Term Extendable Portfolio (the "STEP Fund") which – despite its name – actually contained long-term securities that, in many cases, were highly illiquid and unreasonably risky. Id. ¶¶ 15-17, 20-28.

In addition, when Plaintiff needed an investment vehicle to hold temporarily approximately $240 million designated for newly-established "Target Date Funds," Northern Trust represented to Plaintiff that funds could be held within and then withdrawn from the Bond Fund on short notice. Id. ¶¶ 35-36. That representation turned out to be false. In September 2008, Northern Trust declared that certain securities were permanently impaired and, as a result, that it could no longer honor Plaintiff's instruction to withdraw the Target Date Fund assets from the Bond Fund. Id. ¶¶ 39-40. Northern Trust further advised that any attempted withdrawal from the Bond Fund would result in large losses and would include an in-kind distribution of the illiquid STEP Fund units in which Bond Fund collateral had been invested. Id. ¶ 41-43. Plaintiff seeks to recover all losses sustained by the Plans, which, upon information and belief, exceed $20 million.

## II.   Plaintiff's Stipulation Proposal

Plaintiff filed its alternative federal common law claims to protect plan participants and beneficiaries to the extent that ERISA did not provide a full avenue of relief. Plaintiff was

concerned that Defendants could assert – without merit – that a "gap" in ERISA's applicability exists.  In particular, Defendants may contend either that they were not acting in a fiduciary capacity when they lent securities and invested the collateral in the STEP Fund or that the documents referenced in the Complaint were not documents governing the Plans for purposes of Section 404 of ERISA.

On August 3, Defendants filed a motion seeking to dismiss Plaintiffs' two alternative federal common law claims while at the same time stating at page 15 that "LMIMCo's contract claims clearly fall within the avenues of relief Congress provided under § 502(a)."  To avoid wasting the court's time and resources, counsel for Plaintiff offered on August 13, 2009, to dismiss its federal common law claims provided that Defendants stipulated that:  (a) as to the activities alleged in the Complaint, Defendants were fiduciaries as defined by ERISA with respect to the Plans; and (b) the documents on which the Complaint is based are Plan documents as that term is defined in ERISA.  See Exhibit A.  If Defendants would so stipulate, there would be no need for these alternative claims.

In response to a request from Defendants' counsel, Plaintiff's counsel provided additional information regarding its proposed stipulation by stating that, at a minimum, Defendants acted in a fiduciary capacity when they lent securities and invested the cash collateral pledged by borrowers, as well as when they provided (or failed to provide) securities lending program information to Plaintiff.  See Exhibit B.  Plaintiff's counsel also identified the specific documents referenced in the Complaint that are Plan documents.  Id.

Without explanation, counsel for Northern Trust stated on August 27, 2009, that it was unable to agree to the proposed draft stipulations.  See Exhibit C.  Defendants' rejection of Plaintiff's proposal demonstrates that Defendants' motion is based on a fundamental

contradiction: on the one hand, Defendants assert that ERISA provides full "avenues of relief" while, on the other hand, Defendants seek to preserve their ability to argue that there are "gaps" in the ERISA relief that Plaintiff is seeking. As a result, the dismissal of Plaintiff's alternative federal common law claims at this stage would be inappropriate.

## ARGUMENT

### I. Governing Legal Standard

The United States District Court for the District of Maryland has held that a motion to dismiss under Rule 12(b)(6) should only be granted in "very limited circumstances." Lafayette Fed. Credit Union v. U.S., 76 F. Supp. 2d 645, 649 (D. Md. 1999) (internal citations omitted). When reviewing the legal sufficiency of a complaint, the Court must construe the factual allegations "in a light most favorable to Plaintiff." In re Medimmune, Inc. Sec. Litig., 873 F. Supp. 953, 960 (D. Md. 1995). Dismissal is only appropriate if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 325 (4th Cir. 2001).

### II. The Preemption of State Law Claims Has No Bearing on the Validity of Plaintiff's Federal Common Law Claims.

Defendants' primary argument – that alternative Counts IV and V for breach of contract under *federal* common law are preempted by ERISA – is a classic red herring. ERISA's preemption provision applies only to state laws, and the Fourth Circuit has rejected an attempt to foist preemption principles applicable to state law causes of action onto federal common law claims. Singer v. Black & Decker Corp., 964 F.2d 1449, 1452-53 (4th Cir. 1992). As a result, because Plaintiff has not asserted any state law causes of action, Defendants' lengthy exposition of the ERISA state law preemption doctrine has no bearing on the validity of federal common law claims, and should be disregarded.

\\\DC - 063553/000129 - 2947493 v2

The preemption provision in ERISA is explicitly limited to state law.  ERISA § 514(a) expressly supersedes and preempts any "<u>State</u> laws. . . [that] relate to any employee benefit plan described in section 1003(a) of this title."  29 U.S.C. § 1144(a) (emphasis added).  In addition, "State laws" are limited to statutes, "laws, decisions, rules, regulations, or other <u>State</u> action having the effect of law."  <u>Id.</u> § 1144(c)(1) (emphasis added).  The Supreme Court's opinion in <u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200 (2004), upon which Defendants also rely, similarly holds that "any <u>state-law</u> cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."  <u>Id.</u> at 209 (emphasis added).  Thus, Defendants' attempt to rely upon the state law preemption doctrine to attack the validity of federal common law claims is improper.  <u>1</u>/

### III. Plaintiff's Alternative Federal Common Law Claims Should Not Be Prematurely Dismissed Until the Applicability of Plaintiff's ERISA Claims Has Been Determined.

Defendants concede that the Fourth Circuit has not yet addressed the availability of a federal common law breach of contract claim, yet attempt to predict that "the Fourth Circuit would not recognize a 'federal common law' breach of contract claim in cases where ERISA provides a plaintiff with an avenue of relief."  Defs.' Mem. at 16.  Northern Trust's "prediction" is not only unfounded but, even if correct, would not be applicable here.  Plaintiff pled Counts IV and V for federal common law breach of contract *in the alternative* precisely to protect against the possibility that ERISA might *not* provide the participants and beneficiaries of the Plans with an avenue for full relief.  As described above, Defendants' rejection of Plaintiff's proposal to dismiss voluntarily these claims if Northern Trust would stipulate to its fiduciary status and that

---

<u>1</u>/   For that reason, Defendants' citation to cases addressing the pleading of state law claims in the alternative is misguided.  <u>See, e.g.</u>, <u>Wilmington Shipping Co. v. New England Life Ins. Co.</u>, 496 F.3d 326 (4th Cir. 2007) (addressing preemption of state law claims).

- 7 -

the documents at issue were instruments governing the Plans within the meaning of Section 404 of ERISA demonstrates the need for Plaintiff's alternative federal common law claims.

    A.    <u>The Fourth Circuit Has Not Yet Addressed The Validity of Federal Common Law Breach of Contract Claims in ERISA Cases.</u>

As Defendants concede, "the Fourth Circuit has not yet had occasion specifically to address the availability of a federal common law breach of contract claim in ERISA cases." Defs.' Mem. at 14. Moreover, contrary to Defendants' "prediction," the Fourth Circuit's holding in <u>Singer</u> suggests that a federal common law cause of action is warranted in certain circumstances. In <u>Singer</u>, the Fourth Circuit concluded that the district court had "painted with too broad a brush in stating categorically that courts should not look to state common-law causes of action that have been preempted by ERISA in fashioning federal common law." 964 F.2d at 1452. The court further held that resort to federal common law is only inappropriate when its application "would conflict with the statutory provisions of ERISA, discourage employers from implementing plans governed by ERISA, [ ] threaten to override the explicit terms of an established ERISA benefit plan. . . [or] to address issues that bear at most a tangential relationship to the purposes of ERISA." <u>Id.</u>

None of those concerns is relevant here, where a federal common law claim for breach of contract would not conflict with the statutory provisions of ERISA, where a subsidiary of the employer is bringing the claim on behalf of the Plans' participants and beneficiaries in accordance with ERISA's purposes, and where there is no attempt to override the explicit terms of the Plans. Indeed, here, Plaintiff is seeking to enforce a written contract with Northern Trust – the Notice and Consent agreement – whose restrictive investment guidelines were intended to protect the assets of the Plans.

Consistent with this reasoning, courts in the Fourth Circuit have recognized other limited federal common law causes of action in the ERISA context. See, e.g., Provident Life & Acc. Ins. Co. v. Waller, 906 F.2d 985 (4th Cir. 1990) (recognizing federal common law cause of action for unjust enrichment); Sentara Va. Beach Gen. Hosp. v. LeBeau, 182 F. Supp. 2d 518, 520-22 (E.D. Va. 2002) (recognizing federal common law cause of action for estoppel). 2/  In Waller, for example, the court recognized a federal common law cause of action for unjust enrichment because "the plan contract . . . provided for repayment of the advanced monies.  Thus the creation of a common law remedy here would *further* the contract between the parties and effectuate the clear intent of [the plans]..."  906 F.3d at 993 (emphasis in original).  Similarly, here, the creation of a federal common law remedy would reinforce Northern Trust's contractual obligations to abide by the Notice and Consent's explicit investment guidelines and would effectuate the intent of the Plans by protecting their assets.

Defendants' "prediction" is further weakened by the fact that decisions in the District of Maryland suggest that a federal common law breach of contract claim would be recognized under ERISA.  See, e.g., Gable, et al. v. Sweetheart Cup Co., Inc., et al., No. WN-90-268, 1994 WL 534903 (D. Md. Jan. 14, 1994) (without questioning the validity of the claim, noting that plaintiff asserts "breach of contract as a matter of federal common law" but granting summary judgment for defendant on other grounds), aff'd, 35 F.3d 851 (4th Cir. 1994); Vogel, et al. v. Independence Fed. Savings Bank, 692 F. Supp. 587, 590-92 (D. Md. 1988) (holding that plaintiffs' allegations could give rise to liability under ERISA, either based on express provisions of the statute or emerging federal common law giving effect to it, and that one can "plead a

---

2/    Certainly, courts have decided not to expand federal common law causes of action where doing so would not advance the protection afforded participants, benefits and plans. See, e.g., NARDA, Inc. v. Rhode Island Hosp. Trust Nat'l Bank, 744 F. Supp. 685, 696 (D. Md. 1990) (declining to recognize indemnification and contribution claims among fiduciaries).

\\\DC - 063553/000129 - 2947493 v2

contract claim under ERISA as long as it is claimed as a right provided by federal law and not one claimed under state law").

Defendants' reliance on Provident Life & Acc. Ins. Co. v. Cohen, 423 F.3d 413, 425 (4th Cir. 2005) and Rego v. Westvaco Corp., 319 F.3d 140, 148-49 (4th Cir. 2003) also does not help their cause. 3/ In both cases, the Fourth Circuit determined that a federal common law cause of action would not be appropriate because ERISA afforded the plaintiff an avenue of full relief. However, as discussed above, Plaintiff in this case has pled these causes of action in the alternative, to the extent that ERISA does *not* provide an avenue of relief to the participants and beneficiaries of the Plans. The Cohen court specifically distinguished the facts from those in Waller, noting that the plan at issue in Cohen did not provide that plaintiff should be reimbursed for any erroneously paid benefits, and thus, a federal common law cause of action for unjust enrichment was not warranted *under those circumstances*. 423 F.3d at 426. Rego similarly recognized that fashioning federal common law causes of action could be appropriate where there is a "gap in ERISA that requires an interstitial fix." 319 F.3d 148-49. Here, as described below, Plaintiff's alternatively-pled federal common law claims are intended to preclude Defendants from shirking their contractual obligations to the extent that such a "gap" would prevent a full avenue of relief for plan participants and beneficiaries.

---

3/     Defendants' citation to Darcangelo v. Verizon Commc'ns Inc., 292 F.3d 181, 195 (4th Cir. 2002) to support its position that the Fourth Circuit would not recognize a federal common law breach of contract claim also misses the mark. Darcangelo addresses only removal and federal jurisdiction, holding that a preempted state breach of contract claim must be treated on removal as a federal claim for the enforcement of contractual rights. 292 F.3d at 195. This purely procedural holding has no bearing on the validity or invalidity of a cause of action for breach of contract under federal common law.

B.  Plaintiff's Federal Common Law Claims Are Pled In the Alternative To The Extent That ERISA Might Not Provide Plan Participants and Beneficiaries Full Relief.

Plaintiff is plainly entitled to plead causes of action in the alternative. 4/ Fed. R. Civ. P. 8(d); United Roasters, Inc. v. Colgate-Palmolive Co., 649 F.2d 985, 990 (4th Cir. 1981) ("[A] plaintiff may pursue alternative remedies, however 'inconsistent,' with final 'election' postponed to a late stage of the action after the proof is in or even after the fact-finder, court or jury, has made its findings on both alternatives.") (citation omitted). Pleading in the alternative is appropriate because Congress intended that the courts would "develop a 'federal common law of rights and obligations under ERISA-regulated plans'" and that courts would "fill in the statute's gaps" with this federal common law where doing so would advance the protection afforded participants, benefits and plans. Singer, 964 F.2d at 1449 (citing Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 110 (1989), quoting Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 56 (1987)); Sentara, 182 F. Supp. 2d at 520 (recognizing federal common law estoppel cause of action in ERISA cases). See also Unum Life Ins. Co. v. O'Brien, No. 6:03-CV1433-ORL18DAB, 2004 WL 2283559, at *4 (M.D. Fla. Oct. 4, 2004) (recognizing federal common law claim of unjust enrichment where doing so would fill a gap).

Here, alternative federal common law claims are particularly appropriate where Defendants have rejected Plaintiff's proposal to dismiss voluntarily its federal common law claims if Defendants stipulated that two potential "gaps" – involving fiduciary status and Plan

---

4/   Pursuant to Rule 8 of the Federal Rules of Civil Procedure, "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2). Moreover, the Rules further provide that "[a] party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3).

\\\DC - 063553/000129 - 2947493 v2

documents – did not exist.5/  Defendants have cited only <u>one</u> federal appellate court decision expressly refusing to recognize federal common law causes of action to supplement ERISA, <u>see</u> <u>Lindenmeier, et al. v. Siemens Power Corp, et al.</u>, No. 94-35530, 1995 WL 623756, at *3 (9th Cir. Oct. 24, 1995) – a bright-line rule that is inapplicable in the Fourth Circuit, as evidenced by the holdings in <u>Waller</u> and <u>Singer</u> discussed above.  In addition, Defendants cite only <u>one</u> federal appellate court decision addressing the viability of a federal common law breach of contract claim where the "gap" – as Defendants may contend here – is that defendants lack fiduciary status, <u>see</u> <u>Buckley Dement, Inc. v. Travelers Plan Adm'r. of Ill., Inc.</u>, 39 F.3d 784 (7th Cir. 1994).  That decision, however, did not address whether federal common law could fill a gap where defendants assert – as they may here – that the documents at issue are not plan documents as defined by ERISA. 6/

In addition, several district courts appear to have recognized the viability of federal common law breach of contract claims in the ERISA context.  <u>See, e.g.</u>, <u>Erbe v. Billeter, et al.</u>, No. 06-113, 2007 WL 2905890, at *10 (W.D. Pa. Sept. 28, 2007) ("Plaintiff's federal common law breach of contract claim to enforce the alleged settlement agreement is neither contrary to nor precluded by ERISA"); <u>La Belle Mgmt., Inc. v. Great-West Life Assurance Co.</u>, No. 99-cv-10469-BC, 2001 WL 1924620, at *1 (E.D. Mich. Oct. 24, 2001) (recognizing that "plaintiff's

---

5/    As described above, Defendants would not stipulate that they acted in a fiduciary capacity when they lent securities and invested the cash collateral pledge by borrowers, and would not stipulate that the contracts referenced in the Complaint are plan documents as defined by ERISA. <u>See</u> Exhibits A, B.

6/    The other appellate decisions cited by Defendants are inapposite.  The Tenth Circuit's brief statement in a footnote that no federal common law breach of contract outside ERISA exists is dicta because, in that case, no such claim was asserted.  <u>Chastain v. AT&T</u>, 558 F.3d 1177, 1180 n. 3 (10th Cir. 2009).  The decision by the Sixth Circuit in <u>Tassinaire, et al. v. Am. Nat'l Ins. Co., et al.</u>, 32 F.3d 220, 225 (6th Cir. 1994) does not foreclose the possibility of recognizing such a cause of action and is narrowly limited to facts not present here.  The Third Circuit decision holds only that federal jurisdiction cannot be based on a state law breach of contract claim that "does not expressly refer to ERISA or the federal common law of ERISA." <u>Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbur. Plan</u>, 388 F.3d 393, 404 (3d Cir. 2004).  The First Circuit's decision in <u>Cogan, et al. v. Phoenix Life Ins. Co.</u>, 310 F.3d 238, 242 (1st Cir. 2002) relies on the state law preemption doctrine to reject the viability of federal common law claims and does not address a "gap" under ERISA but rather deals with a "top hat plan" that is specifically excluded from certain ERISA requirements.

breach of contract claim is viable under federal common law"); St. Julian v. Tr. of the Agreement of Trust for Mar. Ass'n-I.L.A. Pension Plan, 5 F. Supp. 2d 469, 470, 473 (S.D. Tex. 1998) (failing to question validity of federal common law cause of action for breach of contract but granting summary judgment for defendants on statute of limitations grounds); Arber, et al. v. Equitable Beneficial Life Ins. Co., 848 F. Supp. 1204, 1216 (E.D. Pa. 1994) (holding that plaintiff adequately stated a claim under the federal common law of ERISA for breach of contract).

Thus, where, as here, Defendants have refused to stipulate that no such "gaps" exist such that ERISA may not provide an avenue of full relief, allowing an alternative federal common law action for breach of contract would effectuate one of ERISA's fundamental purposes: to "protect participants, beneficiaries and plans."  See NARDA, 744 F. Supp at 696.

**IV.     At a Minimum, The Court Should Deny Defendants' Motion Without Prejudice.**

Because Defendants have rejected Plaintiff's proposed stipulation, there is no assurance that Defendants will not assert that a "gap" exists, such that ERISA would not provide an avenue for full relief for the participants and beneficiaries of the Plans.  As a result, at a minimum, the Court should deny Defendants' Motion without prejudice until Defendants' status as ERISA fiduciaries and the applicability of ERISA to Plaintiff's claims have been determined.

- 14 -

## CONCLUSION

For the foregoing reasons, Plaintiff, on behalf of the Plans, respectfully requests that the Court deny Defendants' Motion to Dismiss Counts IV and V with prejudice, or, at a minimum, deny Defendants' Motion without prejudice until the applicability of ERISA to Defendants' conduct has been determined.

       Respectfully submitted,

       HOGAN & HARTSON L.L.P.


       By:   /s/
         David J. Hensler (D. Md. Bar ID # 04810)
         Lisa Bonanno (D. Md. Bar ID # 04809)
         Michele W. Sartori (D. Md. Bar ID # 26829)
         555 Thirteenth St., N.W.
         Washington, D.C. 20004
         Tel.: (202) 637-5600
         Fax: (202) 637-5910

       ATTORNEYS FOR PLAINTIFF LOCKHEED MARTIN
       INVESTMENT MANAGEMENT COMPANY

Date: September 9, 2009