**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

LOCKHEED MARTIN INVESTMENT MANAGEMENT COMPANY,

Plaintiff,

v.

THE NORTHERN TRUST COMPANY,

Defendant.

Case No. 8:09-cv-1649

**REPLY MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS COUNTS IV AND V OF THE COMPLAINT**

In its opposition brief, Plaintiff Lockheed Martin Management Investment Company ("LMIMCo") advances only two arguments. Both fail under the controlling law (and are not even supported by the non-controlling cases that LMIMCo cites), and thus neither rescues from dismissal the unsustainable, preempted common law contract claims asserted in Counts IV and V of its Complaint.

As its primary argument—and its only one attempting to defend Counts IV and V from preemption—LMIMCo relies on the rejected "magic words" theory of preemption. LMIMCo would have the Court believe that plaintiffs can save their state common law breach of contract claims from ERISA preemption simply by uttering the words "federal common law" in the allegations. (Opp. at 6-7.) Allowing a plaintiff's labeling of its common law claims to dictate whether they are preempted would eviscerate the statutorily-created and court-defined ERISA preemption doctrine, and thus unsurprisingly has been rejected by the U.S. Supreme Court, the Fourth Circuit and other courts. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 214 (2004) ("distinguishing between pre-empted and non-

pre-empted claims *based on the particular label affixed to them* would elevate form over substance and [improperly] allow parties to evade the pre-emptive scope of ERISA . . . .") (emphasis added and internal quotations marks omitted); *Provident Life & Accident Ins. Co. v. Cohen*, 423 F.3d 413, 425 (4th Cir. 2005) (where "ERISA affords [a plan fiduciary] an avenue of relief, [a] court cannot fashion some additional cause of action or avenue of relief under the federal common law. To do so would circumvent the comprehensive and exclusive remedial scheme Congress enacted for resolving benefit plan disputes governed by ERISA.").

As a make-weight fallback argument, LMIMCo urges the Court *not* that dismissal is unwarranted, but that dismissal is premature and that at a minimum the Motion should be denied without prejudice. It contends that Counts IV and V "were pled in the alternative only," just in case one or both of the Defendants was not acting as a fiduciary or if the parties' contracts are not ERISA "Plan documents." In that case, LMIMCo argues, there may be some "gap" where ERISA may not provide "full relief." (Opp. at 2, 7-13.) Unfortunately for LMIMCo, the Fourth Circuit has rejected this argument and held that a gap in a plaintiff's claim does not rescue it from preemption. *See Wilmington Shipping Co. v. New England Life Ins. Co.*, 496 F.3d 326, 341, 344 (4th Cir. 2007) (affirming dismissal of "alternative" preempted common law contract claim, and denying that dismissal was premature before plaintiff's fiduciary status had been determined, because "ERISA's preemptive scope is not diminished simply because a finding of preemption will leave a gap in the relief available to a plaintiff."). Under *Wilmington Shipping*, common law claims that are "related to" an ERISA plan are preempted regardless of whether the plaintiff ultimately may be unable to prove the factual predicates to its statutory ERISA claim. Because LMIMCo's Counts IV and V undeniably "relate to" an ERISA

plan—a fact that LMIMCo does not contest—they are preempted and the Court should dismiss those counts notwithstanding LMIMCo's potential inability to recover under ERISA.

In sum, neither of LMIMCo's arguments has merit. Either Counts IV and V are preempted state common law claims to which LMIMCo has applied the term "federal common law" as a semantic fig leaf, or they are attempted federal common law claims that improperly repackage LMIMCo's existing ERISA claims and thereby infringe on the exclusivity of ERISA's statutory civil enforcement remedies. Either way, for the reasons stated herein and in the Defendant's Opening Memorandum (Doc. No. 12-2),[1] the Court should grant Defendants' Motion to Dismiss Counts IV and V of the Complaint.

## ARGUMENT

### I. Controlling Precedent From the Supreme Court and Fourth Circuit Requires The Dismissal Of LMIMCo's "Federal Common Law" Claims.

LMIMCo cannot rescue its preempted breach of contract claims simply by labeling them as "federal common law claims." The Supreme Court has cautioned against this type of wordplay, and the Fourth Circuit's recent cases show that it would not recognize such claims here. When an ERISA fiduciary like LMIMCo has ERISA claims and remedies available to it, these statutory avenues are exclusive and it may not repackage its claims "related to" an ERISA plan as additional stand-alone common law claims.

#### A. ERISA Plaintiffs Cannot Circumvent ERISA Preemption Merely By Labeling Their Common Law Claims as "Federal Common Law Claims."

LMIMCo attempts to rewrite the ERISA preemption doctrine, seeking a ruling that a state common law breach of contract claim is no longer preempted if the plaintiff simply labels it as a "federal common law" claim. It argues that "ERISA's preemption provision applies only to state laws, . . . [so

[1] As in the Opening Memorandum, Defendants The Northern Trust Company and Northern Trust Investments, N.A. are referred to collectively herein as "Northern Trust."

the preemption doctrine] has no bearing on the validity of federal common law claims, and should be disregarded." (Opp. at 6-7.) LMIMCo advances no principled reasoning for its position. Instead it merely argues that it "has not asserted any state law causes of action" because its breach of contract claims are styled as "federal" ones. The Court should not countenance LMIMCo's wordplay—the Supreme Court and Fourth Circuit have rejected attempts to avoid preemption merely by the label attached to plaintiffs' claims.

The ERISA preemption doctrine is created by the ERISA statute itself, 29 U.S.C. § 1144(a), and has been developed in the federal courts. As the Supreme Court summarized in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004), "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.* at 209. To that end, the Supreme Court cautioned that "distinguishing between pre-empted and non-pre-empted claims *based on the particular label affixed to them* would elevate form over substance and [improperly] allow parties to evade the pre-emptive scope of ERISA." *Id.* at 214 (emphasis added and internal quotation marks omitted).

The Fourth Circuit has followed the Supreme Court and declined to recognize federal common law causes of action where ERISA already provides an avenue for potential relief. *See e.g., Cohen*, 423 F.3d at 424-425 ("As a result [of the exclusivity of ERISA's remedies], it is well-established that state law actions, for example, to enforce the contractual terms of an ERISA plan, are preempted by the federal statutory scheme. . . . Similarly, . . . courts may not create remedies under the federal common law beyond those Congress has seen fit to enact. . . . [I]it is at odds with ERISA to recognize a federal common law cause of action [where] Congress has clearly contemplated the instance in which a plaintiff like Provident—a fiduciary—may bring suit and what remedies Provident is entitled to under ERISA.");

*Rego v. Westvaco Corp.*, 319 F.3d 140, 149 (4th Cir. 2003) ("The Supreme Court has been unequivocal in its warning that courts should be 'especially reluctant to tamper with [the] enforcement scheme embodied in the [ERISA] statute by extending remedies not specifically authorized by its text.'") (alterations in original) (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002)).

LMIMCo unpersuasively attempts to distinguish *Cohen* and *Rego* on the inconsequential fact that neither involved a plaintiff pleading the preempted claims in the alternative due to its potentially incomplete relief under ERISA (Opp. at 10). *Rego* and *Cohen* mean what they say—that there are no "federal common law" causes of action available to parties with available ERISA remedies—and no court has ever questioned their meaning on this point, let alone distinguished them on the ground LMIMCo attempts to. And such a distinction would make no sense in view of the Fourth Circuit's repeated rejection of similar arguments when made by plaintiffs with a statutory claim under ERISA. *See Wilmington Shipping*, 496 F.3d at 341-343 (rejecting alternative "repackage[d]" common law contract claim where plaintiff contended his relief otherwise may be incomplete because "ERISA's preemptive scope is not diminished simply because a finding of preemption will leave a gap in the relief available to a plaintiff."); *Rego*, 319 F.3d at 149 ("The instant case presents no gap in ERISA that requires an interstitial fix. Essentially, Rego is attempting to recover damages for … a breach of fiduciary duty . . . for which ERISA already creates remedies.").

LMIMCo also ignores the logical force of *Darcangelo v. Verizon Commc'ns Inc.*, 292 F.3d 181 (4th Cir. 2002), contending in a footnote that the case is somehow irrelevant because its holding addressed jurisdiction and was "purely procedural." (Opp. at 10 n.3.) LMIMCo's formalistic distinction does nothing to dispel the implications of the holding in *Darcangelo*. (*See* Opening Mem. at 15-16.)

*Darcangelo* held that a common law claim that is preempted as related to an ERISA plan must be treated on removal to federal court as a statutory claim brought under ERISA § 502. 292 F.3d at 195 ("What was a state claim for breach of contract becomes a federal claim for the enforcement of contractual rights under § 502(a)(1)(B)."). Were there such a thing as a "federal common law" breach of contract claim under ERISA, there would be no reason to pigeonhole it as a statutory claim upon removal; instead, the court would simply re-label it as a "federal common law breach of contract" claim. Consistent with *Cohen* and *Rego*, *Darcangelo* implies that such claims must fit within the rubric of ERISA's statutory civil enforcement provisions, or not exist at all. And in fact, LMIMCo has already tried to do that here by pleading its exact same claims under each § 502 provision available to it as an ERISA fiduciary.

Unable to distinguish this recent line of controlling authority, LMIMCo cites only the much older decision in *Singer v. Black & Decker Corp.*, 964 F.2d 1449 (4th Cir. 1992). LMIMCo incorrectly claims that *Singer* stands for the proposition that preemption principles are irrelevant to state common law claims pleaded as "federal common law" claims. (Opp. at 6.) As an initial matter, the passages of LMIMCo cites were dicta, and were shaped by *Provident Life & Acc. Ins. Co. v. Waller*, 906 F.2d 985 (4th Cir. 1990), which the Fourth Circuit since has called into "serious doubt," as discussed below. The passages in *Singer* were dicta because the Fourth Circuit expressly disavowed any consideration of "whether adoption of the federal common law causes of action urged by the employees would be appropriate." 964 F.2d at 1453. In fact, *Singer* is consistent with *Cohen* and *Rego* in its recognition that "resort to federal common law generally is inappropriate when its application would conflict with the statutory provisions of ERISA." *Id.* at 1452. In any event, notwithstanding the dicta upon which LMIMCo relies, the seventeen-year old decision in *Singer* has been clarified by the more recent Fourth

Circuit decisions in *Cohen* and *Rego* strictly enforcing ERISA preemption principles in rejecting extra-statutory federal common law claims.

LMIMCo also buries in a footnote its unpersuasive attempt to distinguish *Wilmington Shipping Co. v. New England Life Ins. Co.*, 496 F.3d 326 (4th Cir. 2007), in which the Fourth Circuit affirmed the dismissal of preempted breach of contract claims nearly identical to LMIMCo's here. (*See* Opp. at 7 n.1.) There, just as here, the plan participants brought both breach of fiduciary duty claims under ERISA § 502(a)(2) and state law claims including for breach of contract, alleging that the putative ERISA fiduciary had mismanaged and imprudently invested plan funds. *See* 496 F.3d at 342-343. Just as here, the state law claims "rest[ed] on the very same allegations that support[ed the] ERISA claim." *Id.* at 343. Because the state law claims "merely repackage[d]" the ERISA claims, the Fourth Circuit recognized that they were preempted and properly dismissed. *Id.* at 344. There is no basis to believe that the Fourth Circuit would have reached a different result had the plaintiff simply characterized its state law claims as arising under "federal common law." Yet the addition of the words "federal common law" is the only meaningful distinction between LMIMCo's allegations here and the preempted contract claims alleged in *Wilmington Shipping*. This Court should reach the same result as the Fourth Circuit and dismiss the claims.

As *Cohen* and *Rego* reflect, the Fourth Circuit strictly enforces ERISA preemption principles in prohibiting federal common law claims where ERISA's exclusive provisions provide potential relief. This disapproval of new federal common law remedies is based on the same principles of exclusivity that inform the preemption of state law claims as in *Wilmington Shipping*. There are no "magic words" to save preempted common law claims from dismissal. Counts IV and V of LMIMCo's Complaint "merely repackage" its ERISA fiduciary duty claims, and are clearly preempted and must be dismissed.

**B. The Fourth Circuit Would Not Recognize a New, Federal Common Law Breach of Contract Action Where, As Here, The Plaintiff Has An Available ERISA Claim.**

The Fourth Circuit has not yet had occasion specifically to address the availability of a federal common law breach of contract claim in an ERISA case. (*See* Opening Mem. at 14; Opp. at 7.) However, as shown above and in Northern Trust's Opening Memorandum (at 11-16), the Fourth Circuit certainly would not recognize such a freestanding cause of action here, where LMIMCo is merely reframing as a separate count in its Complaint precisely the same allegations previously styled as ERISA claims brought by a plan fiduciary. Although LMIMCo chides Northern Trust for analyzing the case law to predict how the Fourth Circuit would rule on this issue (Opp. at 8-10), predicting how the Fourth Circuit would rule is precisely what this Court must do. *See e.g.*, *United States v. Treasury of State of Md.*, No. MJG-96-3045, 1997 WL 669957, at *6 (D. Md. Aug. 12, 1997) ("This Court finds the reasoning of the Sixth Circuit to be more persuasive than that of the Ninth Circuit and predicts that the Fourth Circuit will reach the same conclusion."). LMIMCO provides no basis for believing the Fourth Circuit would arrive at any other conclusion than the claims here are preempted.

In the Fourth Circuit, where "ERISA affords [a plan fiduciary] an avenue of relief, [a] court *cannot fashion some additional cause of action* or avenue of relief under the federal common law. To do so would circumvent the comprehensive and exclusive remedial scheme Congress enacted for resolving benefit plan disputes governed by ERISA." *Cohen*, 423 F.3d at 425 (emphasis added); *accord Mertens v. Hewitt Assocs.*, 508 U.S. 248, 259 (1993) ("The authority of courts to develop a 'federal common law' under ERISA is not the authority to revise the text of the statute." (internal citation omitted)). With this "rule of constraint" in mind, the Fourth Circuit has endorsed the view that "'[t]he federal common law that the [Supreme] Court envisioned relates to rights and obligations under the ERISA plan and not to causes of action. . . . Claims relating to ERISA plans must therefore invoke the

specific remedies of ERISA.'" *Cohen*, 423 F.3d at 425 (quoting *Pacificare Inc. v. Martin*, 34 F.3d 834, 836 (9th Cir. 1994)).

Although it attempts to distinguish these controlling cases, nowhere in its Opposition does LMIMCo adequately explain how its federal common law breach of contract theory can be squared with this controlling case law and the fact that "ERISA's civil enforcement remedies were intended to be exclusive." *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987). Nor could LMIMCo do so on the facts here, because its common law claims "rest on the very same allegations that support [the] ERISA claim and focus on the [putative fiduciary's] alleged mismanagement and imprudent investment of Plan funds." *Compare Wilmington Shipping*, 496 F.3d at 343 (affirming the rejection of such "repackaged" common law claims as preempted by ERISA).

LMIMCo cites just one Fourth Circuit case in support of its federal common law theory, a case decided more than a decade before *Cohen* or *Rego* crystallized the Fourth Circuit's position. (*See* Opp. at 9 (citing *Provident Life & Acc. Ins. Co. v. Waller*, 906 F.2d 985 (4th Cir. 1990) for the proposition that the Fourth Circuit recognized a federal common law cause of action for unjust enrichment). *Waller* has little if any precedential value. Fifteen years later, the Fourth Circuit in *Cohen* reevaluated its own ruling in *Waller*, calling "the justification for the court's recognition of a federal common law" in that case into "serious doubt." 423 F.3d at 423-24; *see also Rego*, 319 F.3d at 149 (distinguishing *Waller* as having allowed insurance company's federal common law claim to proceed because ERISA did not provide plan administrators with an explicit remedy, which was "quite different" because "Rego already has causes of action available to him within the explicit text of ERISA."). And LMIMCo mistakenly cites *Waller* as support for its erroneous assertion that the Ninth Circuit's "bright-line rule" rejecting federal common law causes of action is "inapplicable in the Fourth Circuit." (Opp. at 12.) In fact,

however, the Fourth Circuit *cited the Ninth Circuit's rule* when it called into "serious[ ] question whether *Waller's* recognition of a federal common law unjust enrichment claim remains viable." *See* 423 F.3d at 424 (citing *Pacificare Inc. v. Martin*, 34 F.3d 834, 836 (9th Cir. 1994)).

Courts that have addressed *Waller*'s continued vitality have observed that its validity is strictly limited by *Cohen*. *See Bd. of Trs. for Hampton Roads Shipping Ass'n-Int'l Longshoremen's Ass'n v. Stokley*, 618 F. Supp. 2d 546, 554-555 (E.D. Va. 2009) ("[T]he *Cohen* court chose to severely limit the reach of the *Waller* holding by finding that the remedy of unjust enrichment is available only where a specific provision of the policy or contract underlying the plan provides for reimbursement of erroneously paid benefits."). And to the extent *Waller* retains any force, it would not apply here – an unjust enrichment claim by a plan administrator insurance company for erroneously paid benefits (as alleged in *Waller*) is entirely distinct from the redundant breach of contract claim asserted by LMIMCo, a putative ERISA fiduciary, here. *See id.* at 552-553 ("Congress could not be clearer that ERISA preempts common law causes of actions such as the breach of contract claim embodied in Count Three."); *Cohen*, 423 F.3d at 424 ("it is well-established that state law actions . . . to enforce the contractual terms of an ERISA plan, are preempted by the federal statutory scheme.").

Unable to find current support from the Fourth Circuit and failing to meaningfully distinguish the overwhelming weight of precedent from other federal circuit courts (*cf.* Opp. at 12 and n.6), LMIMCo cites two District of Maryland cases that far pre-date the Fourth Circuit's decisions in *Cohen* and *Rego*. But neither of these cases stands for the proposition that a stand-alone "federal common law breach of contract claim would be recognized under ERISA." (Opp. at 9.) Consistent with *Cohen* and *Rego*, in both cases the plaintiffs and court framed the asserted contract claims within the statutory scheme of ERISA. Neither court recognized independent federal common law breach of contract causes of action.

*Cf. Gable v. Sweetheart Cup Co., Inc., et al.*, No. WN-90-268, 1994 WL 534903 (D. Md. Jan. 14, 1994) ("The plaintiffs assert, inter alia, breach of contract as a matter of federal common law, *and rely on 29 U.S.C. § 1132(a)(1)(B) and (3), to enforce their claimed rights under ERISA.*") (emphasis on additional language left out of LMIMCo Opp. at 9)); *Vogel v. Independence Fed. Savings Bank*, 692 F. Supp. 587, 591 (D. Md. 1988) ("Determining a party's contract rights under a health insurance policy is now the province of federal common law. And a party may properly request such a determination under [the] ERISA [statute]. 29 U.S.C. § 1132(a)(1)(B)."). In any event, the Fourth Circuit's more recent decisions in *Cohen* and *Rego* now make clear that courts in this circuit may not fashion new federal common law causes of action for claimants with available remedies under Section 502(a). To the extent *Vogel* or *Gable* were inconsistent with that principle, they have been implicitly overruled by higher, controlling authority.

Finally, having failed to find controlling authority, LMIMCo contends that a few district courts from outside the Fourth Circuit "appear to have" recognized a federal common law breach of contract cause of action under ERISA. (Opp. at 12-13.) However, even these cases do not support the existence of the federal common law breach of contract causes of action LMIMCo pleads. For example, in *Erbe v. Billeter*, No. 06-113, 2007 WL 2905890 (W.D. Pa. Sept. 28, 2007), the court cautioned that it was "not creating a new ERISA cause of action" for breach of contract but was "merely acknowledging established practice at common law of seeking court enforcement of settlement agreements." *Id.* at *10. In fact, the *Erbe* court explicitly recognized that under Third Circuit law, although common law principles of contract apply to the interpretation of an ERISA plan, "when a claim is made for benefits due under a plan governed by ERISA, the claim must be brought under Section 1132(a)(1)(B) and not as a breach of contract claim." *Id.* at *9 (citing *Hooven v. Exxon Mobil Corp.*, 465 F.3d 566 (3d Cir.

2006)). LMIMCo's other cases from district courts in other circuits are equally off the mark. *Cf. LaBelle Mgmt., Inc. v. Great-West Life Assur. Co.*, No. 99-Cv-10469, 2001 WL 1924620 (E.D. Mich. Oct. 24, 2001) (announcing without analysis applicability of "federal common law" to breach of contract claim, and without discussion of *Tassinare v. Am. Nat'l Ins. Co.*, 32 F.3d 220, 225 (6th Cir. 1994), which held that where an ERISA plaintiff has a route to "meaningful redress" through one of ERISA's statutory provisions, it may not turn to "federal common law" breach of contract as an alternative to the statutory provision and its limitations); *St. Julian v. Trs. of Agreement of Trust for Maritime Ass'n-I.L.A. Pension Plan*, 5 F.Supp.2d 469, 473 (S.D. Tex. 1998) (granting summary judgment on statute of limitation grounds);[2] *Arber v. Equitable Benef. Life Ins. Co.*, 848 F. Supp. 1204, 1216 (E.D. Pa. 1994) (holding that *non-fiduciary* employer with no standing under ERISA § 502 could bring breach of contract action against insurer for denial of ERISA plan benefits).

Counts IV and V should be dismissed because they are preempted causes of action. In view of the exclusivity of ERISA's enforcement provisions the Fourth Circuit has directed lower courts generally not to recognize new federal common law causes of action under ERISA where—as here—the claimant already has causes of action available to it under ERISA, and has never recognized a cause of action for "federal common law breach of contract."

---

[2] LMIMCo suggests that the *St. Julian's* court "failed to question [the] validity" of the federal common law claim. (Opp. at 13.) However, confronted with time-barred statutory and common law claims, the *St. Julian* court had no need to consider whether the common law claims would have been preempted had they been timely. Courts do not decide issues one way or another by failing to address them.

## II. ERISA Preempts Alternatively-Pled Common Law Breach of Contract Claims that are Related to ERISA Plans, Even If "Gaps" In Relief May Result.

As its fallback argument, LMIMCo claims that it pled its common law breach of contract claims in Counts IV and V "in the alternative only" just in case "Defendants sought to assert that there was some 'gap' in ERISA coverage as to Defendants' misconduct." (Opp. at 2.) LMIMCo insinuates that if (i) either or both of the Defendants may be able to prove they were not acting as ERISA fiduciaries here or (ii) the service agreements underlying LMIMCo's claims may not be ERISA "Plan documents," there might be some "gap" in ERISA preventing LMIMCo from obtaining "full relief." (*Id.* at 7.) LMIMCo's argument is premised on a misunderstanding of the law. A gap in LMIMCo's case against Northern Trust is not a gap in ERISA for purposes of fashioning new federal common law remedies. The Fourth Circuit squarely rejected this type of attempted "wait-and-see" end run around preemption.

LMIMCo cites the Fourth Circuit's decision in *Rego* in mistakenly arguing that since its available ERISA claims might fail, there is some "gap" to be filled by new federal common law causes of action upon which LMIMCo might better be able to prevail. (*See* Opp. at 10.) The truth, however, is exactly the opposite. *Rego* held that where, as here, a plaintiff "already has causes of action available to him within the explicit text of ERISA," the plaintiff's "lack of success on the merits of those claims does not mean that ERISA suffers from a gap that requires plugging." 319 F.3d at 148-49 ("The instant case presents no gap in ERISA that requires an interstitial fix. Essentially, Rego is attempting to recover damages for . . . a breach of fiduciary duty . . . for which ERISA already creates remedies."); *accord Wilmington Shipping*, 496 F.3d at 341 ("ERISA's preemptive scope is not diminished simply because a finding of preemption will leave a gap in the relief available to a plaintiff.").

*Wilmington Shipping* is dispositive here. The *Wilmington Shipping* plaintiffs argued, just as LMIMCo does here, that the district court had prematurely granted judgment on their preempted

common law claims (including breach of contract) "without [first] determining predicate issues of fact concerning [the defendant's alleged] fiduciary status." 496 F.3d at 342. The Fourth Circuit soundly rejected this argument. *Id.* at 342-43 ("Appellants' wait-and-see argument is unavailing. We have held that ERISA preempts state-law claims against nonfiduciaries if those claims relate to a plan. The central question is not whether a particular defendant is a fiduciary, or whether the preemption decision would create a gap in the law with respect to suits against nonfiduciaries, but rather whether the action relates to any employee benefit plan.") (internal quotations and citations omitted). In finding the common law claims preempted, the Fourth Circuit reasoned, "The focus of Appellants's state-law claims is on NEL's management and investment of Plan assets, conduct that, irrespective of NEL's denial of fiduciary status, clearly lies near the heartland of ERISA's coverage." *Id.* at 343 ("Indeed, Appellants candidly characterize their state-law claims as 'alternatives' to Ruffin's ERISA claim, a good tip off that they seek the kind of 'alternate enforcement mechanism[ ]' that ERISA preempts.").

LMIMCo erroneously relies on its proposed stipulation regarding Northern Trust's fiduciary status and the "plan document" status of the contracts at issue. (Opp. at 4-6, 11-13). The proposed stipulation should have no bearing on this motion. Regardless of whether the Northern Trust defendants ultimately dispute their fiduciary status or the "plan document" status of particular documents at issue, LMIMCo's Complaint focuses factually on Northern Trust's "management and investment of Plan assets," which is conduct that "clearly lies near the heartland of ERISA's coverage." Like the plaintiffs in *Wilmington Shipping*, LMIMCo openly characterizes Counts IV and V as "alternative" theories of liability based on the same facts as its statutory ERISA claims. *See* Opp. at 2 ("pled in the alternative only"), 5 ("If Defendants would so stipulate, there would be no need for these alternative claims.").

This is an equally “good tip off” that LMIMCo seeks “the kind of ‘alternate enforcement mechanism[ ]’ that ERISA preempts.”

There is, as *Wilmington Shipping* recognized, no need to “wait-and-see” as LMIMCo requests in the alternative (Opp. at 13 (requesting “at a minimum” that the Motion be denied without prejudice). Because its common law contract claims are duplicative of its ERISA claims and thus clearly “related to” an ERISA plan—a fact which LMIMCo does not contest—the claims are preempted, regardless of whether there may be a “gap” in recovery for LMIMCo if its statutory ERISA claims prove meritless. Dismissal of such preempted claims—now, with prejudice—is routine and proper. *See e.g.*, *Wilmington Shipping*, 496 F.3d at 342-343; Stokley, 618 F. Supp. 2d at 552-553; *Kress v. Food Employers Labor Relations Ass’n*, 217 F. Supp. 2d 682, 686-687 (D. Md. 2002).

**CONCLUSION**

For the foregoing reasons and those set forth in Defendants’ opening brief, Defendants submit that this Court should dismiss Counts IV and V under Rule 12(b)(6) for failure to state a claim.

Dated: September 23, 2009

Respectfully submitted,

**The Northern Trust Company and Northern Trust Investments, N.A.**

By: /s/ Bruce R. Braun_________
One of its attorneys

Bruce R. Braun (*pro hac vice* # 93471)
Scott H. Gingold (*pro hac vice* # 93470)
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600
Fax (312) 558-5700
bbraun@winston.com
sgingold@winston.com

Charles B. Klein, # 14504
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5000
Fax (202) 282-5100
cklein@winston.com

Attorneys for Defendants The Northern Trust Company and Northern Trust Investments, N.A.

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Reply Memorandum in Further Support of Defendants' Motion to Dismiss Counts IV and V of the Complaint was served on this 23rd day of September, 2009, on David J. Hensler, Lisa R. Bonanno, and Michele Walls Sartori, counsel of record for Plaintiff LMIMCo, by the Court's Electronic Filing System.

/s/ Bruce R. Braun
Bruce R. Braun